UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **LAKYN HOUSTON and BRUCE D HOUSTON** | **CIVIL CASE NO.** _____ |
| **VS** | **JUDGE JAMES DAVID CAIN, JR.** |
| **SOUTHERN FIDELITY INSURANCE COMPANY** | **MAGISTRATE JUDGE KATHLEEN KAY** |

---

## COMPLAINT FOR DAMAGES AND STATUTORY PENALTIES

NOW INTO COURT, through undersigned counsel, comes Plaintiffs LAKYN HOUSTON and BRUCE D HOUSTON, who respectfully represent:

1.

Made Defendant herein:

**SOUTHERN FIDELITY INSURANCE COMPANY ("SOUTHERN FIDELITY,")** a foreign insurance corporation authorized to do and doing business in the State of Louisiana that can be served through the Louisiana Secretary of State.

## JURISDICTIONAL ALLEGATIONS

2.

The Court has diversity jurisdiction over this matter in accordance with 28 U.S.C. § 1332.

3.

Plaintiffs are citizens of the State of Louisiana. On information and belief, Southern Fidelity is an insurance company formed and headquartered in the State of Florida. Complete diversity between the parties exists.

4.

The amount in controversy exceeds $75,000.00.

5.

Southern Fidelity issued the policy of insurance upon which this suit is based to Plaintiffs, insuring their property located at 111 W. Center Street in Dequincy, Louisiana. This Court has personal jurisdiction over Southern Fidelity.

**CAUSES OF ACTION**

6.

Southern Fidelity insured Plaintiffs under Policy No. LVD 1021768 02 174, which was in full force and effect on both August 27, 2020 and October 9, 2020.

7.

Plaintiffs' property suffered damage and diminution in value as a result of Hurricane Laura on August 27, 2020 and Hurricane Delta on October 9, 2020.

8.

On or about September 7, 2020, Southern Fidelity inspected the loss from Hurricane Laura and determined the total damage to the property to be $19,829.41 after application of deductible and depreciation. That number was later revised to $ $80,564.31, but neither number took into account the full extent of Plaintiffs' hurricane losses.

9.

Southern Fidelity's adjustments were unreasonably low, were unrealistic, and gave the Plaintiffs no opportunity to conduct the repairs needed to return their property to its pre-hurricane condition.

10.

Plaintiffs retained CIA Services, LLC ("CIA") to evaluate the damages to their property CIA determined that the damages to the dwelling and other structures totaled $195,049.97. That estimate, along with a copy of the lease agreement between Plaintiffs and their tenant to evidence loss of rent, was provided to Southern Fidelity and constitutes satisfactory proof of Plaintiffs' losses.

11.

In addition to their claim for damages to their dwelling and other structures, Plaintiffs have claims for the rental value of the property that they have been unable to collect since the home was damaged.

12.

La. R.S. 22:1892 states an insurer "shall pay the amount of any claim due any insured within thirty (30) days after receipt of satisfactory proofs of loss from the insured." Southern Fidelity failed to pay amounts due to its insured within thirty (30) days after receipt of satisfactory proof of loss of the claim, thus making Southern Fidelity liable to Plaintiffs for penalties, attorney's fees, and costs under La. R.S. 22:1892. Southern Fidelity had satisfactory proof of loss upon its initial inspections of the premises, yet unreasonably withheld accurate and defensible accountings of the full extent of the damages caused by the storms.

13.

Additionally, La. R.S. 22:1973 states that "failing to pay the amount of any claim due any person by the contract within sixty (60) days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" constitutes a breach

of the insurer's duty of good faith and fair dealing. Southern Fidelity has violated its statutory obligation and duty in its dealings with the Plaintiffs.

14.

La. R.S. 22:1973 identifies certain acts which constitute a breach of the insurer's general duty of good faith and fair dealing to the insured. An insurer like Southern Fidelity is prohibited from "misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue." Southern Fidelity has misrepresented pertinent facts and insurance policy provisions in its dealings with Plaintiffs by representing that the original estimates were a fair estimate of the damages.

15.

 Southern Fidelity's failure to fairly and promptly adjust the full extent of Plaintiffs' claim has caused them contractual and extra-contractual damages including, but not limited to the damage to their property, the lost rental value while they were unable to rent out their property, grief and mental anguish, worry and stress from dealing with the insurance claim, concern over whether there would be sufficient funds to repair the property and additional time delays associated with repairing the property. These damages, and others associated with them that were caused by Southern Fidelity 's delay, render it liable to Plaintiffs for their attorney's fees and costs.

16.

Southern Fidelity knew or should have known that its failure to timely pay Plaintiffs' insurance claims prevented them from repairing their property and should have known that its failure to pay Plaintiffs' insurance claims would cause them grief, mental anguish, and worry.

17.

WHEREFORE, LAKYN HOUSTON and BRUCE D HOUSTON pray that there be judgment in their favor against SOUTHERN FIDELITY INSURANCE COMPANY as follows:

(1) Finding SOUTHERN FIDELITY INSURANCE COMPANY liable to LAKYN HOUSTON and BRUCE D HOUSTON for statutory penalties, contractual and extra-contractual damages, attorney's fees, and costs under La. R.S. 22:1892 and/or 22:1973, and awarding them the same;

(2) Awarding LAKYN HOUSTON and BRUCE D HOUSTON general damages caused by SOUTHERN FIDELITY INSURANCE COMPANY's breach of its duty of good faith and fair dealing;

(3) For specific damages and general damages, including but not limited to diminution in value, penalties and attorney's fees, all costs of these proceedings, and interest from date of judicial demand until paid; and

(4) For any and all other relief that is justified under law and equity.

Respectfully submitted,

LUNDY, LUNDY, SOILEAU & SOUTH, LLP

/s/ Matthew E. Lundy
Matthew E. Lundy (#18988)
T. Houston Middleton, IV (#33281)
Kailey K. Gallegos (#38958)
Gary L. Blanchard (#39805)
501 Broad Street (70601)
P.O. Box 3010
Lake Charles, LA 70602-3010
(337) 439-0707 - Telephone
(337) 439-1029 - Facsimile
*Attorneys for the Plaintiffs, Lakyn Houston and Bruce D Houston*

**SERVICE INSTRUCTIONS:**

**SOUTHERN FIDELITY INSURANCE COMPANY**
Through its Agent for Service of Process
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809