UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**LAKYN HOUSTON, ET AL.** : **DOCKET NO. 2:22-cv-01198**

**VERSUS** : **JUDGE JAMES D. CAIN, JR.**

**SOUTHERN FIDELITY**
**INSURANCE CO., ET AL.** : **MAGISTRATE JUDGE LEBLANC**

<u>MEMORANDUM ORDER</u>

Before the court is a motion styled "Defendant's Motion to Quash/Modify Subpoena Duces Tecum Issued by Plaintiffs" filed by defendant Louisiana Insurance Guaranty Association. Doc. 31. The motion is opposed by plaintiffs Lakyn Houston and Bruce Houston. Doc. 36. Defendant has filed its reply, making this motion ripe for resolution. Doc. 37. For reasons set forth below, the court finds that the motion should be **GRANTED IN PART** and **DENIED IN PART**, as detailed herein.

I.
BACKGROUND

This dispute arises from damage to plaintiffs' property allegedly caused by Hurricane Laura and Hurricane Delta. Doc. 1. Plaintiffs claim the adjustment of their hurricane damage by their insurer Southern Fidelity Insurance Company breached the insurance contract as well as Southern Fidelity's duties of good faith and fair dealing. *Id.* Southern Fidelity later entered into liquidation [doc. 8, att. 2], so plaintiffs substituted Louisiana Insurance Guaranty Association (LIGA) in the place of Southern Fidelity as defendant. Docs. 10, 12.

Plaintiffs issued a subpoena to produce documents to third-party Legion Claims Services, which is LIGA's claims services coordinator. Doc. 31, att. 1, pp. 1–2. The documents to be

produced were a "complete, certified copy" of Legion's entire file related to plaintiffs or the property central to this lawsuit. Doc. 33, att. 2, p. 4. The scope of the request includes, but is not limited to:

> Scope of work, contracts, agreements, communications including but not limited to letters, emails, texts, telegrams, telexes, telephone records, calendars, notations, invoices, ledgers, journals, all formal or informal books of records, bulletins, instructions, memoranda, notebooks, drafts worksheets, estimates, bids, reports, diagrams, schematics, notes, drawings, photographs and videos (in their native format), all professional licenses . . . .

*Id.* LIGA now asks the court to quash the subpoena in its entirety because "all materials prepared by Legions Claims Services are protected by the work-product doctrine." Doc. 31, att. 1, p. 4.

In their opposition to the motion, plaintiffs claim the motion is untimely and the claims of privilege unsubstantiated. Doc. 36. LIGA argues on reply the motion is not untimely because the delay in filing did not prejudice plaintiffs. Doc. 37, pp. 2–3. LIGA further argues it does not need to produce a privilege log because LIGA is not the respondent to the subpoena. *Id.* at pp. 3–4.

## II.
### LAW AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Accordingly, upon timely motion, a subpoena must be quashed or modified if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). "Generally, modification of a subpoena is preferable to quashing it outright." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). Plaintiffs here allege that the subpoena seeks protected information that is outside the scope of discovery. Doc. 31.

### *A. Timeliness*

The parties first disagree about whether the instant motion was timely. Plaintiffs point to the fact that the compliance deadline in the subpoena was April 8, 2024, at 10:00 a.m., and LIGA filed its motion on April 8, 2024, at 3:49 p.m. Doc. 36, p. 3. LIGA, however, claims on reply the motion was timely because any delay in the filing did not result in prejudice to plaintiffs. Doc. 37, p. 3. A motion to quash is generally considered timely if it is filed "within the time set in the subpoena for compliance." *In re Ex Parte Application of Grupo Mexico SAB de CV*, No. 3:14-MC-0073-G, 2015 WL 12916415, at * 3 (N. D. Tex. Mar. 10, 2015). Considering this generally accepted meaning of timeliness as it applies to motions to quash, the instant motion was untimely filed. Though the motion was not timely, the court will still consider its merits because it was filed mere hours after the subpoena's compliance deadline lapsed.

### *B. Work-Product Doctrine*

LIGA claims the subpoena demands production of documents prepared in anticipation of litigation. Doc. 31, att. 1, p. 4. According to LIGA, both LIGA and Legion were "primarily motivated to create the documents to aid in possible future litigation as the litigation preceded LIGA and Legion[']s involvement in the claim." *Id.* Neither the motion nor the reply [doc. 37] provide much other explanation as to why the documents requested in this case are protected by the work-product doctrine, but LIGA offers to produce the privileged materials to the court for in camera review. Doc. 31, att. 1, p. 4.

Under Rule 26(b)(3) of the Federal Rules of Civil Procedure: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." The work-product doctrine "insulates a lawyer's research, analysis of legal theories, mental impressions, notes, and memoranda of witnesses'

statements from an opposing counsel's inquiries." *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991). The doctrine does not protect all materials prepared by a client's lawyer or agent. It focuses solely on materials assembled and brought into being in anticipation of litigation. *Hercules Liftboat Co., L.L.C. v. Rice*, No. 6:11-cv-02111, 2012 WL 4483557, at *1 (W.D. La. Sept. 26, 2012). Only the work product, not the underlying facts, is protected. *In re Int'l Sys. & Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1240 (5th Cir. 1982). The party seeking the protection of the work-product doctrine has the burden of proving that the documents were prepared in anticipation of litigation. *Hercules Liftboat Co., L.L.C.*, 2012 WL 4483557, at *2.

LIGA argues "any and all documents prepared by Legion are protected by the work-product doctrine." Doc. 37, p. 4. The court disagrees. The doctrine does not protect materials "assembled in the ordinary course of business." *Hercules Liftboat Co., L.L.C.*, 2012 WL 4483557, at *1 (citing *Conoco v. Boh Bros. Constr. Co.*, 191 F.R.D. 107, 118 (W.D. La. 1998)). LIGA gives no explanation as to how documents such as bulletins and professional licenses, both listed in the document request, were prepared in anticipation of litigation as opposed to being assembled in the ordinary course of business. Though LIGA claims it did not need to prepare a privilege log, the court is not convinced. Simply claiming a blanket privilege or protection over all requested documents is not sufficient to enable plaintiffs or the court "to assess the applicability of the privilege or protection," contrary to LIGA's unsupported assertion otherwise. *See* doc. 37, p. 4.

LIGA has not met its burden of establishing that the permissible scope of discovery excludes the production of all documents responsive to the subpoena's document request. However, the scope of the subpoena's document request would require the production of documents likely protected by the work-product doctrine. Accordingly, the subpoena's document request is hereby limited in scope to documents that are not protected by the work-product doctrine.

However, any documents that are withheld on the basis of the work-product doctrine—but are otherwise responsive to the subpoena's document request—must be described in a privilege log prepared and produced by LIGA[1] in compliance with Federal Rule of Civil Procedure 26(b)(5)(A).

### III.
### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that, except to the extent the court concludes the subpoena [doc. 33, att. 2] should be complied with as described below, Defendant's Motion to Quash/Modify Subpoena Duces Tecum Issued by Plaintiffs [doc. 31] is **GRANTED IN PART** insofar as the subpoena requests documents protected by the work-product doctrine.

**IT IS FURTHER ORDERED** that Louisiana Insurance Guaranty Association provide plaintiffs with a privilege log describing the documents withheld on the basis of the work-product doctrine in compliance with Rule 26(b)(5)(A) on or before July 31, 2024.

**IT IS FURTHER ORDERED** that motion is **DENIED IN PART** as to the documents that are not protected by the work-product doctrine. Thus, documents that are responsive to the subpoena and are not protected, such as those assembled in the ordinary course of business, must be produced by Legion Claims Services in the manner specified in the subpoena. The documents must be produced on or before July 31, 2024.

THUS DONE AND SIGNED in Chambers this 15th day of July, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE

---

[1] Because LIGA is the one seeking protection from the work-product doctrine, and because it indicated it possesses the requested documents [doc. 31, att. 1, p. 4; doc. 37, p. 4], the court places the onus on LIGA to prepare and produce the privilege log.