UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**LAKYN HOUSTON ET AL**                     **CASE NO.  2:22-CV-01198**

**VERSUS**                                  **JUDGE JAMES D. CAIN, JR.**

**SOUTHERN FIDELITY INSURANCE CO**          **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM ORDER

Before the Court is "Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Daniel Treas" (Doc. 43).

## BACKGROUND

Plaintiff's rental property was damaged by Hurricanes Laura and Delta on August 27, 2020, and October 9, 2020, respectively. During the relevant time period, Southern Fidelity Insurance Company ("SFIC") insured the property, but subsequently filed for bankruptcy. Louisiana Insurance Guaranty Association ("LIGA") has since been substituted as the proper party.

Plaintiffs allege that the damage to their property has been undervalued. After LIGA was substituted for SFIC, LIGA retained Keystone to inspect the property. Plaintiffs move to exclude the report of LIGA's expert, Daniel Treas, based on their assertion that the Treas's report is unreliable.

## LAW AND ANALYSIS

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by

the Supreme Court. Federal Rule of Evidence 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford,* 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.,* 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan,* 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.,* 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson,* 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

Plaintiffs complain that Treas's report is unreliable because he did not physically inspect the property, Treas did not conduct a reliable review of the previous expert's report, discrepancies in the report, and the report is identical to the previous report.

Plaintiffs assert that Keystone sent a building consultant, Luke Gehbauer to inspect their property on August 25, 2023, along with Keystone's engineer. Gehbauer authored a report dated September 15, 2023, but shortly thereafter, he terminated his employment with

Keystone. Keystone then hired Treas to author a report that it will rely upon to support its estimate of damages to the property as a result of Hurricanes Laura and Delta.

Plaintiffs complains that (1) the Treas report is identical to the Gehbauer report, (2) Treas is not a licensed adjuster, (3) Treas did not personally inspect the property, and (4) Treas was not involved in this matter until July 2024. Plaintiffs also complain that there are some discrepancies in both reports, such as a missing fan on the rear elevation porch, the type of exterior cladding on the house, and the wrong address noted in the report. Finally, Plaintiffs complain that Treas opines as to causation.

LIGA argues that Treas is qualified to testify as a building consultant regarding the estimate costs to repair the damage identified by Keystone's engineer as being caused by the Hurricanes. LIGA remarks that Treas has over 20 years of experience in the construction industry as a construction foreman, superintendent, estimator, catastrophe claims adjusters, project manager, and now as the Senior Building Consultant for Keystone.

LIGA remarks that Treas relied on Keystone's engineer regarding causation to prepare an estimate to rebuild the property. As to Plaintiffs' complaint that Treas' report is identical to Gehbauer's report, Treas testified in his deposition, that the first twelve pages should be the same as they simply list the background regarding the property. Treas also notes several differences in the reports, including additional damages not included in Gehbauer's report as well as overall differences in the estimated damages.

The Court does not find that exclusion is warranted just because the two reports are very similar. As to the discrepancies, the Court finds that this will go to the credibility of the witness and his report. The Court further notes that the instant matter is a bench trial,

and Plaintiffs will be able to cross-examine and rebut LIGA's report and Treas' testimony. Accordingly,

**IT IS ORDERED** that Plaintiffs' *Daubert* Motion to Exclude the Expert Testimony of Daniel Treas is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 1st day of October, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**